UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marc Carter,

        Plaintiff,

vs.

Andrew Carter, Joseph Montgomery,
Nicholas Krings and Galimbert,

        Defendants.

                                                      /

Case Number 14-13502

District Judge David M. Lawson

Magistrate Judge Mona K. Majzoub

## ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME LIMIT [SIC] (DOCKET NO. 17)

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Appointment of Counsel (docket no. 17). This Court believes that appointment of counsel at this stage of the litigation is unwarranted.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.

Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process.  Accordingly, Plaintiff Carter's Motion for Appointment of Counsel is DENIED without prejudice.

To the extent that Plaintiff moves for an extension of time, Plaintiff's Motion is DENIED, as Plaintiff does not set forth any information regarding the deadline for which he is seeking an extension, the length of the requested extension, or the reasons for the requested extension.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  September 18, 2015        s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Marc Carter and Counsel of Record on this date.

Dated: September 18, 2015         s/ Lisa C. Bartlett
                                  Case Manager