UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC CARTER,

      Plaintiff,                    CIVIL ACTION NO. 14-cv-13502

      v.                            DISTRICT JUDGE DAVID M. LAWSON

ANDREW CARTER, JOSEPH      MAGISTRATE JUDGE MONA K. MAJZOUB
MONTGOMERY, NICHOLAS
KRINGS, and DEPUTY
GALIMBERT,

      **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION TO AMEND COMPLAINT [23] AND MOTION TO COMPEL [25]

    This matter comes before the Court on Plaintiff Marc Carter's Motion to Amend Complaint and Motion for an Order Compelling Discovery. (Docket nos. 23 and 25.) Defendants, Deputies Andrew Carter, Joseph Montgomery, Nicholas Krings, and Galimbert responded to Plaintiff's discovery motion. (Docket no. 26.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

    Plaintiff filed this *pro se* prisoner civil rights action on September 9, 2014, pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by Defendants while they were effectuating his arrest following a police chase in Ypsilanti, Michigan on August 9, 2012. (Docket no. 1.) In his Complaint, Plaintiff sets forth claims of excessive force under the Fourth Amendment to the United States Constitution, gross negligence, and intentional infliction of emotional distress. (*Id.*

at 4, 6.) Plaintiff seeks declaratory relief as well as compensatory, punitive, and exemplary damages in the amount of $800,000.00. (*Id*. at 4, 7.)

**A.     Plaintiff's Motion to Amend Complaint [23]**

On October 29, 2015, Plaintiff filed a Motion to Amend Complaint "based on certain error's [sic] that were made in the initial complaint, such as the 14th amendment being quoted instead of the 8th amendment, which is the proper violation Petitioner intended to state." (Docket no. 23 at 1.) Defendants have not responded to Plaintiff's Motion.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

To determine whether an amendment would be futile, the court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, No. 10-CV-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted). When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true,

and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). A court is not required to guess at the nature of the claim asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Through this Motion, Plaintiff essentially seeks to amend his Complaint to assert his excessive force claims under the Eighth Amendment instead of the Fourth Amendment.[1] (*Compare* docket no. 1 at 4 *and* docket no. 24 at 3.) As discussed, Plaintiff's claims arise out of an alleged assault by Defendants while effectuating Plaintiff's arrest following a police chase. (*See* docket no. 1.) "*[A]ll* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 395, (1989) (emphasis in original). Similarly, the Sixth Circuit has held that "[a]n excessive use of force claim arising out of an arrest must be analyzed under the Fourth Amendment . . . . [and] the Eighth Amendment is not implicated by alleged misconduct that occurs prior to conviction." *Conley v. City of Lorain*, 198 F.3d 244 (Table), 1999 WL 1021650, at *1 (6th Cir. 1999) (citations omitted). Accordingly, Plaintiff's Proposed Amended Complaint fails to state an excessive force claim upon which relief may be granted, and Plaintiff's state-law claims would thereby be subject to dismissal pursuant to 28 U.S.C. § 1367(c). Plaintiff's Proposed Amended Complaint would not survive a motion to dismiss under Rule 12(b)(6); it would, therefore, be

---

[1] In his Motion, Plaintiff asserts that he seeks to correct an error of the "14th" Amendment being quoted instead of the 8th Amendment." (Docket no. 23 at 1.) Plaintiff, however, does not make any claims under the Fourteenth Amendment in his original Complaint. In light of Plaintiff's *pro se* status, the Court presumes that Plaintiff's reference to the "14th" Amendment is a typographical error and that Plaintiff meant to refer to the claims in his original Complaint brought under the "4th" Amendment.

futile. Thus, the Court will deny Plaintiff's Motion to Amend Complaint (docket no. 23) and strike Plaintiff's Proposed Amended Complaint (docket no. 24) from the Court's docket.

**B.      Plaintiff's Motion for an Order Compelling Discovery [25]**

Plaintiff filed the instant Motion for an Order Compelling Discovery on October 22, 2015, seeking a court order compelling Defendants to produce "a certified copy of all documents and audio/video deposition of statements from any and all witnesses that the Respondents have in this case." (Docket no. 25 at 1.) Defendants assert that Plaintiff's Motion should be denied for two reasons. First, Defendants assert that they were never served with interrogatories or requests to produce pursuant to the Federal Rules. (Docket no. 26 at 2.) Defendants acknowledge that a document titled "Proof of Service" was filed by Plaintiff with the Court on September 21, 2015, in which Plaintiff certifies that he "served a copy of Discovery and Interrogatories" and asks for "any [m]edical records and any audio or video also [sic] any statements from any witnesses that the Defendant has in this case [p]ursuant to Rule 34 of the Federal Rules of Civil Procedure." (*Id.* (citing docket no. 21).). Defendants then reiterate that they never received any such discovery requests. (*Id.*) Second, Defendants assert that Plaintiff's Motion should be denied as moot because they voluntarily produced the records that Plaintiff requested in the "Proof of Service," to the extent that they exist, on October 23, 2015. (*Id.* at 2-3; docket no. 26-2.)

The Court finds that the reasons Defendants set forth are valid bases for denying Plaintiff's Motion. Additionally, Plaintiff's Motion does not comply with Eastern District of Michigan Local Rule 37.2, which requires that any discovery motion include a verbatim recitation of each discovery request or a copy of the actual discovery document that is the subject

4

of the motion. Accordingly, the Court will deny Plaintiff's Motion for an Order Compelling Discovery (docket no. 25).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint [23] is **DENIED**. Plaintiff's Proposed Amended Complaint [24] is hereby stricken from the docket in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order Compelling Discovery [25] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 9, 2016        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated: June 9, 2016        s/ Lisa C. Bartlett
                           Case Manager